IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                                         No. 05-40111-01-SAC

RAUDEL MORALES-ROSA,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's sentencing memorandum in which he argues for a downward variance from the bottom of the sentencing guideline range. (Dk. 28). The defendant has entered a guilty plea to aggravated re-entry into the United States in violation of 8 U.S.C. § 1326(a). According to the uncontested facts appearing in presentence report ("PSR"), the defendant was removed from the United States to Mexico following a conviction for assault with a firearm for which he was sentenced to six years' custody. He was deported on November 17, 1995, and the defendant admitted to entering the United States illegally approximately one week later. Emporia police officers

arrested the defendant for aggravated battery in August of 2005 for firing an AK-47 assault rifle at another vehicle and injuring an occupant in that vehicle. The defendant was convicted in Lyon County District Court of aggravated assault for this shooting. He was incarcerated in Kansas Department of Corrections from May 3, 2006, until he was paroled in March of 2008. Due to the federal grand jury's return of the indictment filed in October of 2005, the defendant was the subject of a federal detainer and was arrested and brought before the federal magistrate judge in March of 2008.

Following his guilty plea in this case in June of 2008, the PSR was prepared which recommends a guideline range of 57 to 71 months on the following calculations: a base offense level of 8, a 16-level increase for his prior felony conviction for assault with a firearm, and a three-level reduction for acceptance of responsibility resulting in a total offense level of 21 with a criminal history category of four. The defendant has no objections to the PSR.

In his sentencing memorandum, the defendant points to the delay between the filing of the indictment (October 5, 2005) and his arrest on the indictment (March 13, 2008) and complains this delay cost him the

opportunity to serve his state and federal sentences concurrently. The defendant does not assert any governmental bad faith behind the delay but still asks the court to grant him a downward variance of 24 months to account for this lost opportunity of concurrent sentences. The defendant cites several decisions which have recognized this circumstance as a possible ground for downward departure under the guidelines. The defendant argues his circumstances fit the reasoning of those cases because the government's "delay in processing the charges denied Mr. Morales-Rosa the ability to procure concurrent sentences, and substantially impacted his exposure to increased incarceration." (Dk. 28, pp. 3-4). The defendant asks the court for a variance "[t]o ensure that this arbitrary factor does not cause unwarranted disparity." *Id.* at 4.

The court certainly recognizes its discretion to grant a downward departure for the circumstances argued by the defendant. *See, e.g.*, *United States v. Brye*, 146 F.3d 1207, 1214 (10th Cir. 1998); *United States v. Barajas-Ruiz*, 242 F.3d 391, 2000 WL 186456 (10th Cir. 2000). In *Brye*, the court denied a departure because "[t]he delay defendant suffered 'was neither extreme nor implicitly sinister,' but rather the type of delay that is ordinary in 'the fabric of criminal proceedings.'" *Id.* at 1214

(quoting *United States v. Saldana*, 109 F.3d 100, 104 (1st Cir. 1997); *see United States v. Jauregui-Perez*, 376 F. Supp. 2d 1062, 1065 (D.N.M. 2004). The defendant here does not make this showing nor attempts to argue any circumstances unique to his case as to take it out of the heartland and justify a downward departure. Instead, the defendant seeks a departure on the fact of the delay alone. The defendant cites no precedent in this circuit recognizing an automatic departure on the fact of a delay. In its discretion, the court denies a downward departure.

The court has and will continue to consider this delay as a relevant factor in its evaluation and weighing of all matters under 18 U.S.C. § 3553(a). The court, however, questions the defendant's characterization of the delay as an "arbitrary factor" resulting in an "unwarranted disparity." First, the defendant will have a difficult time proving any prejudice from the delay. It is unlikely the court would have imposed a concurrent federal sentence. The serious and violent nature of the defendant's state conviction militates against a concurrent sentence, as well as the important sentencing purpose of protecting the public from future criminal activity. Second, the defendant does not argue bad faith on the government's part, and there is no evidence of any improper or sinister motives. Third, the

defendant does not show he made any efforts to secure a more timely prosecution by pursuing his remedies under the Interstate Agreement on Detainers.  *See United States v. Jimenez-DeGarcia*, 256 Fed. Appx. 830, 2007 WL 4226369 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1291 (2008). Thus, the delay cannot be termed an arbitrary factor because of the defendant's failure to exercise his rights under the Interstate Agreement on Detainers.  Nor does the court believe the disparity to be unwarranted because a concurrent federal sentence was not likely to have been imposed.

IT IS THEREFORE ORDERED that the above will be incorporated as part of the court's statement of reasons pursuant to 18 U.S.C. § 3553(c).

Dated this 14th day of October, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge